IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                         Civil No.: 1:19-cv-1609 (TJM/DJS)


                              Plaintiff             COMPLAINT-Action to Foreclose
                                                    A Mortgage

-v-

Linda L. Alakwskina a/k/a Linda Alakwskina
17 Hamilton Avenue
Corinth, NY 12822

Saratoga County Department of Social Services
152 West High Street
Ballston Spa, NY 12020

Portfolio Recovery Associates, LLC
5425 Robin Hood Road, Suite 201
Norfolk, Va 23513

Barclays Bank Delaware
125 S. West St.
Wilmington, DE 19801


John Doe, Mary Roe, and XYZ Corporation
17 Hamilton Avenue
Corinth, NY 12822

_____

       The United States of America, a Sovereign, by Pincus Law Group, PLLC, Attorneys for

the plaintiff, complains and alleges as follows:

   1.  This Court has jurisdiction under the provisions of Title 28, United States Code, Section

1345.

   2.  On or about August 19, 2008, at the request of Defendant, Linda L. Alakwskina  a/k/a

Linda Alakwskina, (hereinafter "Defendant"), the Plaintiff, the United States of America, acting

through the Rural Housing Service or successor agency, United States Department of

Agriculture, (hereinafter "Plaintiff"),  did lend to the Defendant, the sum of $125,200.00, which sum the Defendant did undertake and promise to repay, with interest at 5.375% in specified monthly installments.

3.    As evidence of the indebtedness, the Defendant did execute and deliver to the Plaintiff a Promissory Note dated 8/19/08, a true copy of which is attached as Exhibit "A".

4.    In order to secure the payment of the indebtedness, the Defendant did execute, acknowledge, and deliver to the Plaintiff, a real property mortgage dated 8/19/08, a true copy of which is attached as Exhibit "B".  The real property that is security for the mortgage is commonly known as 17 Hamilton Avenue Corinth, New York,  located in Saratoga County, New York and more particularly described as set forth in the legal description attached to Exhibit "B", and is also known as Parcel ID/Tax Account # District Section 73.26 Block 1 Lot 24.

5.    The mortgage was duly recorded in the Saratoga County Clerk's Office on or about August 25, 2008 at Instrument No. 2008029396.

6.    Plaintiff is the owner and holder of the Promissory Note and Mortgage.

7.    The Defendant has breached and violated the provisions of the Promissory Note and Mortgage in that they did neglect and fail to pay the installments of principal and interest when due beginning with the Feb. 19, 2019 payment, despite due demand therefore and by failing to make payment of real property taxes when due, thus making it necessary for the plaintiff to pay the same to protect its interest.

8.    By reason of the defaults described herein, plaintiff has elected to declare the entire sums secured by the mortgage to be due and payable.

9.    There is now justly due and payable to the plaintiff, as of Dec. 16, 2019, on the Promissory Note and Mortgage the following sums:

| | |
|---|---|
| Unpaid Principal | $105,610.55 |
| Unpaid Interest | $5,147.80 |
| Subsidy to Be Recaptured | $37,900.00 |
| Escrow | $809.46 |
| Late Charges | $29.80 |
| Other Fees | $1,957.18 |
| TOTAL: | $151,454.79 |

, together with interest at the rate of  5.375% per annum on principal and all advances **from 12/17/19.**

10.     Upon information and belief, plaintiff may be compelled to make additional advances for payment of taxes, hazard insurance water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to plaintiff at this time.  Nevertheless, plaintiff seeks recovery thereof and therefore, together with interest thereon.

11.     No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Promissory Note and Mortgage, or any part thereof.

12.     The Defendant, besides Linda Alakwskina a/k/a Linda L. Alakwskina, named in the caption of the Complaint, as set forth in Exhibits "C", have or may claim to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto.

13.     That the plaintiff has complied with the notice provisions of the New York State RPAPL Section 1304.  A copy of the required notice is attached hereto as Exhibit "D".  14. Upon information and belief, the provisions of Banking Law Section 595-a, and any rules and

regulations promulgated thereunder, and Banking law Sections 6-1 and 6-m and RPAPL section 1302(1) are not applicable to the mortgage loan that is the subject of this proceeding.

14.     At the time this proceeding was commenced, the plaintiff has complied with the provisions of New York State RPAPL Section 1306 regarding filing with the Superintendent of the New York State Banking Department.  A copy of the required filing is attached hereto as Exhibit "E".

15.      The true names of the defendants John Doe, Mary Roe and XYZ Corporation are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof.

WHEREFORE, plaintiff demands judgment:

    (a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequently recorded, be forever barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises;

    (b)  That the premises may be decreed to be sold according to law;

    (c) That the amount due to the plaintiff on the promissory note and mortgage may be adjudged;

    (d) That the moneys arising from the sale may be brought into Court;

    (e) That the plaintiff may be paid the amount adjudged to be due to the plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same;

(f)   And that the plaintiff may have such other and further relief as may be just and equitable.

Dated:  Uniondale, New York, Dec._26, 2019
/s/ Nicole B. LaBletta
_____
    Nicole B. LaBletta,Esq.
    Pincus Law Group, PLLC
    425 RXR Plaza
    Uniondale, NY 11556
    (516) 699-8902 (phone)
    (516) 279-6990 (fax)
    nlabletta@pincuslaw.com

# EXHIBIT A



Form RD 1940-16
(Rev. 7-05)

Form Approved
OMB No. 0575-0172

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**RURAL HOUSING SERVICE**

SATI

## PROMISSORY NOTE

Type of Loan  SECTION 502

Loan No. ___36585433___

Date: ___08/19___ 20 _08_

This _____ day of _____, 20 ____
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

17 Hamilton Avenue
_____
                          (Property Address)

Corinth                    Saratoga          NY
_____
    (City or Town)            (County)         (State)

BORROWER'S PROMISE TO PAY. In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ _125,200.00_ (this amount is called "principal"), plus interest.

INTEREST. Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of ___5.3750___ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

PAYMENTS. I agree to pay principal and interest using one of two alternatives indicated below:

I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____, _____ shall be added to the principal. The new principal and later accrued interest shall be payable in _396_ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $_____, and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

II. Payments shall not be deferred. I agree to pay principal and interest in ___396___ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the _19th_ day of each month beginning on ___September 19__, 2008 and continuing for _395_ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on ___August 19__, 2041, I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ _675.96_____. I will make my monthly payment at _the post office address_ _noted on my billing statement_____ or a different place if required by the Government.

PRINCIPAL ADVANCES. If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

HOUSING ACT OF 1949. This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

1

LATE CHARGES. If the Government has not received the full amount of any monthly payment by the end of ___15___ days after the date it is due, I will pay a late charge. The amount of the charge will be _____2_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

BORROWER'S RIGHT TO PREPAY. I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

ASSIGNMENT OF NOTE. I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

CREDIT ELSEWHERE CERTIFICATION. I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

USE CERTIFICATION. I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY. If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT. I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

SUBSIDY REPAYMENT AGREEMENT. I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

CREDIT SALE TO NONPROGRAM BORROWER. The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

DEFAULT. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

2

NOTICES. Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166 , or at a different address if I am given a notice of that different address.

OBLIGATIONS OF PERSONS UNDER THIS NOTE. If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

WAIVERS. I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

WARNING: Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.

_Linda L. Alakwskina_ (Seal)
Borrower Linda L Alakwskina

_____ Seal
Borrower

_____ Seal
Borrower

_____ Seal
Borrower

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $125,200.00 | 08-19-2008 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

3

# EXHIBIT B

Saratoga County - State of New York
Kathleen A. Marchione - SARATOGA COUNTY CLERK
COUNTY CLERKS RECORDING PAGE
THIS PAGE IS PART OF THE INSTRUMENT

OCT 2 4 2008



RECEIPT NO. : 2008211503077

Instr #:   2008029396
Rec Date:  08/25/2008 10:16:53 AM
Doc Grp:   X
Descrip:   MORTGAGE
Num Pgs:   8

Party1:    ALAKWSKINA LINDA L
Party2:    UNITED STATES DEPARTMENT OF
AGRICULTURE
Town:      CORINTH

Recording:

| | |
|---|---|
| Pages | 21.00 |
| Cover Sheet Fee | 10.00 |
| Recording Fee | 5.00 |
| Education Fee | 20.00 |
| Names | 0.00 |
| 255 Affidavit | 5.00 |
| Basic Tax Amount | 0.00 |
| SONYMA Tax Amount | 0.00 |
| CDTA Tax Amount | 0.00 |

Total:                                 61.00
**** NOTICE: THIS IS NOT A BILL ****

***** Mortgage Tax *****
Serial #:    CZ-4529
Calc Method: Exempt
Mtg Amt:    125200.00

| | |
|---|---|
| Basic | 0.00 |
| SONYMA | 0.00 |
| CDTA | 0.00 |

Total:                  0.00

Record and Return To:

WILLIAM NIKAS
PO BOX 267 116 OAK ST
HUDSON FALLS, NY 12839

2008211503077

2008029396 $61.00
8/25/2008  10:16:53 AM
8 Pages
MORTGAGE

Kathleen A Marchione Saratoga Co Clerk          RECORDED

---

Form RD 3550-14 NY                 (Space Above This Line For Recording Data)              Form Approved
(Rev. 6-03)                                                                               OMB No. 0575-0172
                              United States Department of Agriculture        Loan No.: ████████
                                      Rural Housing Service

# MORTGAGE FOR NEW YORK

THIS MORTGAGE ("Security Instrument") is made on     August 19            2008   . [Date]
The mortgagor is      LINDA L. ALAKWSKINA

                                                                                   ("Borrower").
This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| August 19, 2008 | $125,200.00 | August 19, 2041 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower irrevocably grants and conveys to Lender the following described property located in the County of  Saratoga,
Village and Town of Corinth             , State of New York:

SEE SCHEDULE "A" DESCRIPTION ANNEXED HERETO AND MADE A PART HEREOF.

which has the address of    17 Hamilton Avenue, Corinth
                           [Street]                                     [City]         , New York  12822
                                                                                                   [ZIP]

("Property Address");

---

According to the Paperwork Reduction Act of 1996, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

                                                                                        Page 1 of 6

SCHEDULE "A" DESCRIPTION - Alakwskina -

ALL THAT PIECE OR PARCEL OF LAND, lying and being in the Town of Corinth, County of Saratoga, New York, bounded and described as follows:  COMMENCING at the north west corner of a lot formerly owned by George Tillford on the south side of the avenue leading from Mathew Owens' to the Adirondack Railroad; from thence south along Tilford's west line two chains and fifty links to the lands formerly owned by N.M. Houghton; from thence West seventy feet to a lot contracted to J.D. Haines; from thence North to the said Avenue; from thence east seventy feet to the place of beginning.

ALSO that piece or parcel of land lying and being in the Town of Corinth, County of Saratoga, New York, bounded as follows:  BEING on the South side of the Avenue leading from M. Owens' house to the Railroad Depot; commencing at the northeast corner of a lot formerly owned by Romaine Walker; from thence southerly along the same to lands formerly owned by N.M. Houghton; thence East from a stake for a corner twelve feet to a stone for a corner; thence North along the West line of a lot formerly owned by Martha Savin; known as the Tilford Lot to the center of said Avenue; thence West twelve feet to the place of beginning

A More Modern Description is as follows:

ALL that certain piece or parcel of land situate and being in the Village of Corinth, County of Saratoga, and State of New York, bounded and described as follows:

BEGINNING at a point in the southerly boundary of Hamilton Avenue, said point being South 65° 24' 50" East 70.67 feet from an iron pipe that is located in the northwest corner of the lands of Robert and Verla Jewel as described in the book of deeds 1398 at page 264 and is the northeast corner of lands of Jewel; thence along the southerly bounds of Hamilton. Avenue South 65°24'50" East, 82.00 feet to northwest corner of the lands of Sharpe (Book 1709, Page 760), thence southerly along the lands of Sharpe, South 24°35'10" West, 165.00 feet to a point; thence along the lands of Komar (Book 1645, Page 18), Lafave (Book 1232, Page134) and Delorenzo (Book 1423, Page72), North 65°24'50" West, 82.00 feet to a point; thence in a northerly direction along the lands of aforesaid Jewel, North 24'35'10" East, 165.00 feet to the place of beginning.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all of Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the Property.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall maintain the improvements in good repair and make repairs required by Lender. Borrower shall comply with all laws, ordinances, and regulations affecting the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender is not required to do so. Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Refinancing.** If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

**15. Borrower's Copy.** Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this

Page 4 of 6

Security Instrument.

**17.  Nondiscrimination.**  If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, handicap, age, or familial status, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, handicap, age or familial status.

**18.  Sale of Note; Change of Loan Servicer.**  The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower.  A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument.  There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note.  If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law.  The notice will state the name and address of the new Loan Servicer and the address to which payments should be made.

**19.  Uniform Federal Non-Judicial Foreclosure.**  If a uniform federal non-judicial foreclosure law applicable to foreclosure of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

**20.  Hazardous Substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property.  The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge.  If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances:  gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**21.  Cross Collateralization.**  Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

NON-UNIFORM COVENANTS.  Borrower and Lender further covenant and agree as follows:

**22.  SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be decreed incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

**23.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

**24.**  Borrower agrees that Lender will not be bound by any present or future state laws, (a) providing for valuation, appraisal, homestead or exemption of the Property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c)

prescribing any other statue of limitations, (d) allowing any right of possession or, (e) limiting the conditions which Lender may be regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such state law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

    **25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box]

    ☐ Condominium Rider  ☐ Planned Unit Development Rider  ☐ Other(s) [specify]

Witnesses:

_____    _____(Seal)
                                         Borrower

                            LINDA L. ALAKWSKINA

_____    _____(Seal)
                                         Borrower

## ACKNOWLEDGMENT

STATE OF NEW YORK    }
                            } SS:
COUNTY OF WASHINGTON "  }

    On the 19th day of August in the year 2008, before me, the undersigned, a notary public in and for said State, personally appeared LINDA L. ALAKWSKINA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person on behalf of which the individual(s) acted, executed the instrument.

                                          Notary Public

                           **WILLIAM L. NIKAS**
                     **Notary Public, State of New York**
                **Washington County, No. 02NI4624358**
              **My Commission Expires 01/31/20 11**

R+K.

                                            Page 6 of 6

**WILLIAM L. NIKAS**
ATTORNEY AT LAW
116 OAK STREET - P.O. BOX 267
HUDSON FALLS, NEW YORK 12839-0267

Page 6 of 6

# EXHIBIT C



**SARATOGA COUNTY – STATE OF NEW YORK**
SARATOGA COUNTY CLERK
40 MCMASTER STREET, BALLSTON SPA, NY 12020

---

**COUNTY CLERK'S RECORDING PAGE**
***THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH***

---



```
INSTRUMENT #:  2013016586

Receipt#: 2013211830018
Clerk:    GM
Rec Date: 04/17/2013 01:16:24 PM
Doc Grp:  X
Descrip:  MORTGAGE
Num Pgs:  5

Party1:   ALAKWSKINA LINDA L
Party2:   SARATOGA COUNTY DEPARTMENT OF
SOCIAL SERVICES
Town:     CORINTH
```

```
Recording:

Pages                              0.00
Cover Sheet Fee                    0.00
Recording Fee                      0.00
Cultural Ed                        0.00
Records Management - Coun          0.00
Records Management - Stat          0.00
Names                              0.00
255 Affidavit                      0.00
                                 _____
Sub Total:                         0.00

Mortgage Tax
Basic                              0.00
SONYMA                             0.00
CDTA                               0.00
Local                              0.00
                                 _____
Sub Total:                         0.00
                                 _____
Total:                             0.00
**** NOTICE: THIS IS NOT A BILL ****


***** Mortgage Tax *****
Serial #: DE-0632
Exempt
Mtg Amt: 422.00

Total:                             0.00
```

```
Record and Return To:


SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES
152 WEST HIGH ST
BALLSTON SPA, NY 12020
```

M 671 — Mortgage, long form, plain English format, 11-98                © 1978 by Blumberg Excelsior Inc.
                                                                          NYC 10013

**CONSULT YOUR LAWYER BEFORE SIGNING THIS FORM—THIS FORM SHOULD BE USED BY LAWYERS ONLY.**

# Mortgage

Date...................................... April 15 2013

| | |
|---|---|
| **Parties** | **Mortgagor** |

Linda L. Alakwskina
17 Hamilton Avenue
Corinth, NY 12822

**Mortgagee**  Tina Potter, Commissioner
Saratoga County Department of Social Services
152 West High Street
Ballston Spa, NY 12020

The Mortgagor promises and agrees as follows:

**Transfer of rights in the Property**

1. The Mortgagor hereby mortgages to the Mortgagee the Property described in this Mortgage. Mortgagor can lose the Property for failure to keep the promises in this Mortgage.

**Underlying debt, future advances**

2. This Mortgage is made to secure a Debt of the Mortgagor to the Mortgagee for Four Hundred and Twenty Two and 00/100------------------------------ dollars ($ 422.00 --), payable with interest according to a Bond or Note having the same date as this Mortgage. The Mortgagee may make advances in the future to the Mortgagor or future owners of the Property. In addition to the above Debt the Bond or Note and this Mortgage is intended to secure any more debts now or in the future owed by the Mortgagor to the Mortgagee. The maximum amount of debt secured by the Bond or Note and this Mortgage shall not be greater than the Debt stated above. Mortgagee is not obligated to make future advances.

**Property mortgaged**

3. The Property mortgaged (the "Property") is
   (a) All

THAT THAT PIECE OR PARCEL OF LAND, lying and being in the Town of Corinth, County of Saratoga, New York, bounded and described as follows: COMMENCING at the north west corner of a lot formerly owned by George Tillford on the south side of the avenue leading from Matthew Owens' to the Adirondack Railroad; from thence south along Tilford's west line two chains and fifty links to the lands formerly owned by N.M. Houghton; from thence West seventy feet to a lot contracted to J.D. Haines; from thence North to the said Avenue; from thence east seventy feet to the place of beginning.
ALSO that piece or parcel of land lying and being in the Town of Corinth, County of Saratoga, New York, bounded as follows:  BEING on the South side of the Avenue leading from M. Owens' house to the Railroad Depot; commencing at the northeast corner of a lot formerly owned by Romaine Walker; from thence southerly along the same to lands formerly owned by N. M. Houghton; thence East from a stake for a corner twelve feet to a stone for a corner; thence North along the West line of a lot formerly owned by Martha Savin; known as the Tilford Lot to the center of said Avenue; thence West twelve feet to the place of beginning.

A More Modern Description is as follows:

ALL that certain piece or parcel of land situate and being in the Village of Corinth, County of Saratoga, and State of New York, bounded and described as follows:
BEGINNING at a point in the southerly boundary of Hamilton Avenue, said point being South 65° 24' 50" East 70.67 feet from an iron pipe that is located in the northwest corner of the lands of Robert and Verla Jewel as described in the book of deeds 1398 at page 264 and is the northeast corner of lands of Jewel; thence along the southerly bounds of Hamilton Avenue South 65° 24' 50" East, 82.00 feet to northwest corner of the lands of Sharpe (Book 1709, Page 760); thence southerly along the lands of Sharpe, South 24° 35' 10" West, 165.00 feet to a point; thence along the lands of Komar (Book 1645, Page 18), Lafave (Book 1232, Page 134) and Delorenzo (Book 1423, Page 72), North 65° 24' 50" West, 82.00 feet to a point; thence in a northerly direction along the lands of aforesaid Jewel, North 24° 35' 10" East, 165.00 feet to the place of beginning.

Containing in all 0.31 Acres of land being more or less.

    Being the same premises conveyed by George W. Berg, III as Executor to Gregory Berg by deed dated October 21, 1999 and recorded in the Saratoga County Clerk's Office on October 26, 1999 in Book 1533 of Deeds at Page 312.

    Being the same premises conveyed by Gregory Berg to Linda L. Alakwskina by deed dated August 19, 2008 and recorded in the Saratoga County Clerk's Office on August 25, 2008 with Index #2008029395.

2013016586
04/17/2013  01:16:24 PM
5 Pages              RECORDED
MORTGAGE
Saratoga County Clerk

**building and improvements**   (b) Together with the buildings and improvements on the Property.

**streets**   (c) Together with all the Mortgagor's right, title and interest in the streets next to the property to their center lines.

**fixtures**   (d) Together with all fixtures and personal property which now is or which later may be attached to or used or useful in connection with the Property. This does not include household furniture.

**awards**   (e) Together with all condemnation awards for any taking by a government or agency of the whole or part of the real Property or any easement in connection with the Property. This includes awards for changes of grade of streets.

**Payment and late charge**   4. Mortgagor will pay the Debt as promised in the Bond or Note according to its terms. If any payment is overdue more than 15 days an additional charge will be due to Mortgagee to cover the cost of delay. This late charge shall be

**Insurance**   5. Mortgagor will keep the buildings on the Property insured against loss by fire and other risks included in the standard form of extended coverage insurance. The amount shall be approved by Mortgagee but shall not exceed full replacement value of the buildings. Mortgagor will assign and deliver the policies to Mortgagee. The policies shall contain the standard New York Mortgage clause in the name of Mortgagee. If Mortgagor fails to keep the buildings insured Mortgagee may obtain the insurance. Within 30 days after notice and demand Mortgagor must insure the Property against war risk and any other risk reasonably required by Mortgagee.

**Maintenance**   6. Mortgagor will keep the Property in reasonably good repair.

**No sale or alteration**   7. The Mortgagor may not, without the consent of Mortgagee, (a) alter, demolish or remove the buildings and improvements on the Property, or (b) sell the Property or any part of it.

**Taxes, etc.**  8. Mortgagor will pay all taxes, assessments, sewer rents or water rates within 30 days after they are due. Mortgagor must show receipts for these payments within 10 days of Mortgagee's demand for them.

**Expenses of mortgagee**  9. Mortgagor must pay all expenses of Mortgagee, including reasonable attorney's fees, if (a) Mortgagee is made a party in a suit relating to the Property, or (b) Mortgagee sues anyone to protect or enforce Mortgagee's rights under this Mortgage.

**Mortgagee's right to cure**  10. Mortgagor authorizes Mortgagee to make payments necessary to correct a default of Mortgagor under Paragraphs 5, 8 and 9 of this Mortgage. Payments made by Mortgagee together with interest at the rate provided in the Bond or Note from the date paid until the date of repayment shall be added to the Debt and secured by this Mortgage. Mortgagor shall make repayment with interest within 10 days after demand.

**Statement of the amount due (estoppel)**  11. Within five days after request in person or within ten days after request by mail, Mortgagor shall give to Mortgagee a signed statement of the amount due on this Mortgage and whether there are any offsets or defenses against the Debt.

**Title**  12. Mortgagor warrants the title to the Property. Mortgagor is responsible for any costs or losses of the Mortgagee if an interest in the Property is claimed by others.

**Cure violations**  13. Mortgagor shall comply with any law or governmental order or cure any legal violation concerning the Property. Mortgagor shall comply within 90 days after the order or violation is issued or the law takes effect.

**Lien law section 13**  14. Mortgagor will receive the advances secured by this Mortgage and will hold the right to receive the advances as a trust fund. The advances will be applied first for the purpose of paying the cost of improvement. Mortgagor will apply the advances first to the payment of the cost of improvement before using any part of the total of the advances for any other purpose.

**Inspections**  15. Mortgagee and any person authorized by the Mortgagee may enter and inspect the property at reasonable times.

**Financing statements**  16. Mortgagor authorizes Mortgagee to file without Mortgagor's signature one or more financing statements as permitted by law to perfect the security interest of this Mortgage.

**Default, when full amount of debt due immediately**  17. Mortgagee may declare the full amount of the Debt to be due and payable immediately for any default.

The following are defaults:

(a) Mortgagor fails to make any payment required by the Bond or Note or Mortgage within 15 days of the date it is due;

(b) Mortgagor fails to keep any other promise or agreement in this Mortgage within the time stated, or if no time is stated, within a reasonable time after notice is given that Mortgagor is in Default;

(c) On application of Mortgagee, two or more insurance companies licensed to do business in New York State refuse to issue policies insuring the buildings and improvements on the Property.

**Sale**  18. If Mortgagor defaults under this Mortgage and the Property is to be sold at a foreclosure sale, the Property may be sold in one parcel.

**Receiver**  19. If Mortgagee sues to foreclose the Mortgage, Mortgagee shall have the right to have a receiver appointed to take control of the Property.

**Payment of rent and eviction after default**  20. If there is a Default under this Mortgage, Mortgagor must pay monthly in advance to Mortgagee, or to a receiver who may be appointed to take control of the Property, the fair rental for the use and occupancy of the part of the Property that is in the possession of the Mortgagor. If Mortgagor does not pay the rent when due, Mortgagee will vacate and surrender the Property to Mortgagee or to the receiver. Mortgagee may evict the Mortgagor by summary proceedings or other court proceedings.

**Applicable law**  21. Mortgagee shall have all the rights set forth in Section 254 of the New York Real Property Law in addition to Mortgagee's rights set forth in this Mortgage, even if the rights are different from each other.

**No waiver**  22. Delay or failure of Mortgagee to take any action will not prevent Mortgagee from taking action later. Mortgagee may enforce those rights Mortgagee chooses without giving up any other rights.

**Notices**  23. Notices, demands or requests may be in writing and may be delivered in person or sent by mail.

**No oral changes**  24. This Mortgage may not be changed or ended orally.

**Who is bound**  25. If there are more than one Mortgagor each shall be separately liable. The words "Mortgagor" and "Mortgagee" shall include their heirs, executors, administrators, successors and assigns. If there are more than one Mortgagor or Mortgagee the words "Mortgagor" and "Mortgagee" used in this Mortgage includes them.

**Signatures**  The Mortgagor states that the Mortgagor has read this Mortgage, received a completely filled in copy of it and has signed this Mortgage as of the date at the top of the first page.

MORTGAGOR

WITNESS

# Mortgage

Linda L. Alakwskina

**TO**

Tina Potter, Commissioner
Saratoga County DSS

Dated,   April 15 ,2013

**STATE OF NEW YORK**

**County of**  Saratoga

**RECORDED ON THE**

............day of.................................,   ..........

at............o'clock.......... M.

in Liber.......................of Mortgages

at Page.....................and examined

_____

**CLERK**

**PLEASE RECORD AND RETURN TO:**

152 West High St.
Ballston Spa, NY 12020

---

**ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a)**

State of New York, County of Saratoga ss.:
On April 15, 2013 before me, the undersigned, personally appeared

Linda Alakwskina

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*(signature and office of individual taking acknowledgment)*

---

**ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 309-b)**

State of _____
County of _____  ss.:
On _____ before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in

*(insert city or political subdivision and state or county or other place acknowledgment taken)*

*(signature and office of individual taking acknowledgment)*

---

DIANE A. HAHN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01-HA5041981
Qualified in Saratoga County
Commission Expires April 10, 2015

---

**ACKNOWLEDGMENT BY SUBSCRIBING WITNESS(ES)**

State of _____
County of _____  ss.:
On _____ before me, the undersigned, personally appeared

_____ the subscribing witness(es) to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in (if the place of residence is in a city, include the street and street number, if any, thereof);

that he/she/they know(s)

_____

to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness(es) was (were) present and saw said

_____ execute the same; and that said witness(es) at the same time subscribed his/her/their name(s) as a witness(es) thereto.
( ) (where outside New York State insert city or political subdivision and state or country or other place acknowledgment taken) And that said subscribing witness(es) made such appearance before the undersigned in

*(signature and office of individual taking acknowledgment)*

SUPREME COURT OF THE STATE OF NEW YORK
County of SARATOGA
-------------------------------------------x
PORTFOLIO RECOVERY ASSOCIATES, LLC

                        Plaintiff,

          -against-

LINDA L ALAKWSKINA
AKA LINDA ALAKWSKINA

                      Defendant(s)
-------------------------------------------x

Index No: 2011-3784
Account No:
Our File No.: 0421a 261056

JUDGMENT

Plaintiff's Address:
5425 Robin Hood Rd. S201
Norfolk, VA 23513-2441

Amount Claimed in Complaint (less payments of $    .00 ).$  1574.54
Attorney Fees (Waived in the amount of $     .00  )......$    .00
Interest from Date of Complaint (09/28/11 )............$   49.65
TOTAL.....................................................$        1624.19
Costs by Statute.........................................$  200.00
Service of Summons and Complaint.........................$   11.00
Filing of Summons and Complaint..........................$  210.00
Prospective Execution Fees...............................$   35.00
Military Service Affidavit...............................$    5.00
TOTAL COSTS...............................................$         461.00
TOTAL JUDGMENT AMOUNT.....................................$        2085.19
ATTORNEY'S AFFIRMATION-STATE OF NEW YORK -COUNTY OF NASSAU
The undersigned Attorney at Law of New York State, affirms the following to be
true under the penalties of perjury:
    The Defendant(s) have failed to answer or appear and the time to
do so having expired, Plaintiff is entitled to judgment by default.  The
disbursements herein specified have been or will necessarily be incurred and are
reasonable in amount. Pursuant to affidavits of service on file herein, deponent
alleges that Defendant(s) are not in the military service.
    A copy of the summons was mailed to Defendant(s) by first class mail
postage paid (CPLR 3215) on 01/10/12 which is at least 20 days prior to the
entry of the judgment. The summons was sent to Defendant(s) place of residence
in an envelope bearing the legend "personal & confidential" and not indicating
on the outside of the envelope that the communication was from an attorney
or that it concerned an alleged debt.
Dated: 02/09/12

                              Adam Hughes, Jeffrey Wolstein

JUDGMENT rendered in favor of Plaintiff:
PORTFOLIO RECOVERY ASSOCIATES, LLC
5425 Robin Hood Rd. S201
Norfolk, VA 23513-2441
against the following Defendant(s):
LINDA L ALAKWSKINA AKA LINDA ALAKWSKINA 17 HAMILTON AVE CORINTH NY 12822
As herein above computed the TOTAL JUDGMENT AMOUNT is $ 2085.19
and it is ADJUDGED that Plaintiff have execution therefor.
                            Dated:



                        ENTERED
                        Kathleen A. Marchione

3-5-2012
             Clerk    Saratoga County Clerk

Malen & Associates, p.c. 123 Frost Street, Suite 203, Westbury, NY 11590 (516) 334-3500
<ins>This is an attempt to collect a debt, any information obtained shall be used for
that purpose. We are a Debt Collector.</ins>

2012008101
03/05/2012   03:22:30 PM
1 Pages          FILED
INCOMING JUDGMENTS
Kathleen A Marchione Saratoga Co Clerk

$45.00

INDEX NO. 20166 1578
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA
------------------------------------
BARCLAYS BANK DELAWARE

PLAINTIFFS,

AGAINST

LINDA L ALAKWSKINA

DEFENDANTS.
D87XXX3530
------------------------------------
JUDGMENT      ON DEFAULT *
------------------------------------

AMOUNT CLAIMED IN COMPLAINT  $    1,786.25
LESS PMTS THRU               $        .00

BALANCE OF CLAIM AMOUNT DUE  $    1,786.25
INTEREST WAIVED              $        .00
ATTORNEYS FEES WAIVED        $        .00
                             $    1,786.25
COSTS BY STATUTE              200.00
SERVICE OF SUMMONS & COMP      30.00
FILING OF SUMMONS & COMP      210.00
MOTION FEE                     45.00
PROSPECTIVE EXECUTION FEE      40.00
FILING OF JUDGMENT
REQ JUD INT
SATISFACTION PIECE
            SUBTOTAL  525.00
            TOTAL     $    2,311.25
  * PURSUANT TO FDCPA, PLEASE TAKE    *
  * NOTICE THAT FORSTER & GARBUS LLP  *
  * IS A DEBT COLLECTOR.              *

JUDGMENT ENTERED ON: 11 - 1 - 16

JUDGMENT IS RENDERED IN FAVOR OF THE
PLAINTIFF
BARCLAYS BANK DELAWARE
125 S WEST ST        WILMINGTON, DE 19801

AND AGAINST THE FOLLOWING DEFENDANT(S)
LINDA L ALAKWSKINA
17 HAMILTON AVE
CORINTH NY 12822

AS HEREIN ABOVE COMPUTED IN THE SUM
OF $ 2,311.25
AND IT IS ADJUDGED THAT THE PLAINTIFF
HAS EXECUTION THEREFORE.
            ENTERED
----------- Craig A. Hayner ----------- ,CLERK

*Craig A. Hay*
Saratoga County Clerk

STATE OF NY, COUNTY OF SUFFOLK  SS:
VALERIE E. WATTS  AFFIRMS TRUE UN-
DER PENALTY OF PERJURY: HE IS ASSOC
WITH PLAINTIFF'S ATTY, ADMITTED TO
PRACTICE IN NY;DISBURSEMENTS SPECI-
FIED HEREIN, HAVE BEEN OR WILL
NECESSARILY BE MADE OR INCURRED,ARE
REASONABLE IN AMOUNT; SERVICE OF
SUMMONS AND COMPLAINT HAS BEEN
MADE UPON DEFENDANT BY PERSONAL/SUB
SERVICE AS APPEARS BY AFFIDAVIT
OR ACKNOWLEDGEMENT OF SERVICE. THE
TIME OF DEFENDANT/S TO APPEAR
OR ANSWER HAS EXPIRED AND THE DE-
FENDANT/S HAVE NOT APPEARED OR AN-
SWERED.THIS AFFIRMATION IS MADE IN
COMPLIANCE WITH 50 USCS APPX SECS
501 ET SEQ AND N.Y.M.L. 300-328.
THE DEFENDANT IS NOT AT THE
PRESENT TIME IN THE MILITARY OR
NAVAL SERVICE OF THE USA OR OF
ANY ALLIED NATION OF THE USA AS
SUCH TERM IS DEFINED BY THE ACTS OF
CONGRESS. I BASE SUCH STATEMENTS
ABOVE UPON THE FACTS STATED IN THE
ATTACHED DOD MANPOWER DATA REPORT.
AFFIRMANT GAVE ADDITIONAL
NOTICE OF THIS ACTION TO DEFENDANTS
BY MAILING A COPY OF THE SUMMONS
IN FIRST CLASS POSTAGE PAID
ENVELOPES MARKED "PERSONAL AND
CONFIDENTIAL" WITH NO INDICATION
THAT IT WAS FROM AN ATTORNEY OR
CONCERNED AN ALLEGED DEBT
ON         7/18/16
BY DELIVERING IT TO AN EMPLOYEE OF
THE USPS AT OUR OFFICES (USPS
DOMESTIC MAIL MANUAL SEC. 507
SUB 6.0 ET. SEQ.)
THE ENVELOPES WERE ADDRESSED TO

LINDA L ALAKWSKINA

THE DEFENDANT/S  AT
17 HAMILTON AVE
CORINTH NY 12822

THIS BEING THE LAST KNOWN RESIDENCE
OF THE DEFENDANT/S.
    MORE THAN 20 DAYS HAVE ELAPSED
SINCE THEN, AND THE SUMMONS SO
MAILED HAS NOT BEEN RETURNED BY THE
USPO AS UNDELIVERABLE.
I AFFIRM THE SUMMONS AND COMPLAINT
AND AFFIDAVIT (OR ACKNOWLEDGMENT)
HAVE BEEN FILED IN THIS COURT UNDER
THE ABOVE INDEX #.

DATED:  8/09/16

                    VALERIE E. WATTS
FORSTER & GARBUS LLP, ATTYS FOR PLTF
60 MOTOR PKWY, COMMACK, NY 631-393-9400

$45.00
2016034853
11/01/2016   02 02:41 PM
1 Pages      FILED
INCOMING JUDGMENTS
Saratoga County Clerk



**SARATOGA COUNTY – STATE OF NEW YORK**
**SARATOGA COUNTY CLERK**
40 MCMASTER STREET, BALLSTON SPA, NY 12020

**COUNTY CLERK'S RECORDING PAGE**
**\*\*\*THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH\*\*\***



| Recording: | |
|---|---|
| Pages | 0.00 |
| Cover Sheet Fee | 0.00 |
| Recording Fee | 0.00 |
| Cultural Ed | 0.00 |
| Records Management - Coun | 0.00 |
| Records Management - Stat | 0.00 |
| Names | 0.00 |
| 255 Affidavit | 0.00 |
| Sub Total: | 0.00 |

INSTRUMENT #:  2013016586

Receipt#: 2013211830018
Clerk:   GM
Rec Date: 04/17/2013 01:16:24 PM
Doc Grp:  X
Descrip:  MORTGAGE
Num Pgs:  5

Party1:   ALAKWSKINA LINDA L
Party2:   SARATOGA COUNTY DEPARTMENT OF
SOCIAL SERVICES
Town:     CORINTH

| Mortgage Tax | |
|---|---|
| Basic | 0.00 |
| SONYMA | 0.00 |
| CDTA | 0.00 |
| Local | 0.00 |
| Sub Total: | 0.00 |

Total:                         0.00
\*\*\*\* NOTICE: THIS IS NOT A BILL \*\*\*\*

\*\*\*\*\* Mortgage Tax \*\*\*\*\*
Serial #: DE-0632
Exempt
Mtg Amt: 422.00

Total:                         0.00

Record and Return To:

SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES
152 WEST HIGH ST
BALLSTON SPA, NY 12020

M 671—Mortgage, long form, plain English format, 11-98                                                © 1978 BY Blumberg Excelsior Inc.
                                                                                                        NYC 10013

**CONSULT YOUR LAWYER BEFORE SIGNING THIS FORM—THIS FORM SHOULD BE USED BY LAWYERS ONLY.**

# Mortgage

Date............ April 15 2013

**Parties** | Mortgagor | Linda L. Alakwskina
17 Hamilton Avenue
Corinth, NY 12822
| Mortgagee | Tina Potter, Commissioner
Saratoga County Department of Social Services
152 West High Street
Ballston Spa, NY 12020

The Mortgagor promises and agrees as follows:

**Transfer of rights in the Property**

1. The Mortgagor hereby mortgages to the Mortgagee the Property described in this Mortgage. Mortgagor can lose the Property for failure to keep the promises in this Mortgage.

**Underlying debt, future advances**

2. This Mortgage is made to secure a Debt of the Mortgagor to the Mortgagee for
Four Hundred and Twenty Two and 00/100-------------------------------- dollars
($ 422.00 ~), payable with interest according to a Bond or Note having the same date as this Mortgage. The Mortgagee may make advances in the future to the Mortgagor or future owners of the Property. In addition to the above Debt the Bond or Note and this Mortgage is intended to secure any more debts now or in the future owed by the Mortgagor to the Mortgagee. The maximum amount of debt secured by the Bond or Note and this Mortgage shall not be greater than the Debt stated above. Mortgagee is not obligated to make future advances.

**Property mortgaged**

3. The Property mortgaged (the "Property") is
(a) All

THAT THAT PIECE OR PARCEL OF LAND, lying and being in the Town of Corinth, County of Saratoga, New York, bounded and described as follows: COMMENCING at the north west corner of a lot formerly owned by George Tillford on the south side of the avenue leading from Matthew Owens' to the Adirondack Railroad; from thence south along Tilford's west line two chains and fifty links to the lands formerly owned by N.M. Houghton; from thence West seventy feet to a lot contracted to J.D. Haines; from thence North to the said Avenue; from thence east seventy feet to the place of beginning. ALSO that piece or parcel of land lying and being in the Town of Corinth, County of Saratoga, New York, bounded as follows:  BEING on the South side of the Avenue leading from M. Owens' house to the Railroad Depot; commencing at the northeast corner of a lot formerly owned by Romaine Walker; from thence southerly along the same to lands formerly owned by N. M. Houghton; thence East from a stake for a corner twelve feet to a stone for a corner; thence North along the West line of a lot formerly owned by Martha Savin; known as the Tilford Lot to the center of said Avenue; thence West twelve feet to the place of beginning.

A More Modern Description is as follows:

ALL that certain piece or parcel of land situate and being in the Village of Corinth, County of Saratoga, and State of New York, bounded and described as follows:
BEGINNING at a point in the southerly boundary of Hamilton Avenue, said point being South 65° 24' 50" East 70.67 feet from an iron pipe that is located in the northwest corner of the lands of Robert and Verla Jewel as described in the book of deeds 1398 at page 264 and is the northeast corner of lands of Jewel; thence along the southerly bounds of Hamilton Avenue South 65° 24' 50" East, 82.00 feet to northwest corner of the lands of Sharpe (Book 1709, Page 760), thence southerly along the lands of Sharpe, South 24° 35' 10" West, 165.00 feet to a point; thence along the lands of Komar (Book 1645, Page 18), Lafave (Book 1232, Page 134) and Delorenzo (Book 1423, Page 72), North 65° 24' 50" West, 82.00 feet to a point; thence in a northerly direction along the lands of aforesaid Jewel, North 24° 35' 10" East, 165.00 feet to the place of beginning.

Containing in all 0.31 Acres of land being more or less.

     Being the same premises conveyed by George W. Berg, III as Executor to Gregory Berg by deed dated October 21, 1999 and recorded in the Saratoga County Clerk's Office on October 26, 1999 in Book 1533 of Deeds at Page 312.

     Being the same premises conveyed by Gregory Berg to Linda L. Alakwskina by deed dated August 19, 2008 and recorded in the Saratoga County Clerk's Office on August 25, 2008 with Index #2008029195.

**2013016586**
04/17/2013   01:16:24 PM
5 Pages              RECORDED
MORTGAGE
Saratoga County Clerk

**building and improvements**   (b)  Together with the buildings and improvements on the Property.

**streets**   (c)  Together with all the Mortgagor's right, title and interest in the streets next to the property to their center lines.

**fixtures**   (d)  Together with all fixtures and personal property which now is or which later may be attached to or used or useful in connection with the Property. This does not include household furniture.

**awards**   (e)  Together with all condemnation awards for any taking by a government or agency of the whole or part of the real Property or any easement in connection with the Property. This includes awards for changes of grade of streets.

**Payment and late charge**   4.  Mortgagor will pay the Debt as promised in the Bond or Note according to its terms. If any payment is overdue more than 15 days an additional charge will be due to Mortgagee to cover the cost of delay. This late charge shall be

**Insurance**   5.  Mortgagor will keep the buildings on the Property insured against loss by fire and other risks included in the standard form of extended coverage insurance. The amount shall be approved by Mortgagee but shall not exceed full replacement value of the buildings. Mortgagor will assign and deliver the policies to Mortgagee. The policies shall contain the standard New York Mortgage clause in the name of Mortgagee. If Mortgagor fails to keep the buildings insured Mortgagee may obtain the insurance. Within 30 days after notice and demand Mortgagor must insure the Property against war risk and any other risk reasonably required by Mortgagee.

**Maintenance**   6.  Mortgagor will keep the Property in reasonably good repair.

**No sale or alteration**   7.  The Mortgagor may not, without the consent of Mortgagee, (a) alter, demolish or remove the buildings and improvements on the Property, or (b) sell the Property or any part of it.

| | |
|---|---|
| **Taxes, etc.** | 8. Mortgagor will pay all taxes, assessments, sewer rents or water rates within 30 days after they are due. Mortgagor must show receipts for these payments within 10 days of Mortgagee's demand for them. |
| **Expenses of mortgagee** | 9. Mortgagor must pay all expenses of Mortgagee, including reasonable attorney's fees, if (a) Mortgagee is made a party in a suit relating to the Property, or (b) Mortgagee sues anyone to protect or enforce Mortgagee's rights under this Mortgage. |
| **Mortgagee's right to cure** | 10. Mortgagor authorizes Mortgagee to make payments necessary to correct a default of Mortgagor under Paragraphs 5, 8 and 9 of this Mortgage. Payments made by Mortgagee together with interest at the rate provided in the Bond or Note from the date paid until the date of repayment shall be added to the Debt and secured by this Mortgage. Mortgagor shall make repayment with interest within 10 days after demand. |
| **Statement of the amount due (estoppel)** | 11. Within five days after request in person or within ten days after request by mail, Mortgagor shall give to Mortgagee a signed statement of the amount due on this Mortgage and whether there are any offsets or defenses against the Debt. |
| **Title** | 12. Mortgagor warrants the title to the Property. Mortgagor is responsible for any costs or losses of the Mortgagee if an interest in the Property is claimed by others. |
| **Cure violations** | 13. Mortgagor shall comply with any law or governmental order or cure any legal violation concerning the Property. Mortgagor shall comply within 90 days after the order or violation is issued or the law takes effect. |
| **Lien law section 13** | 14. Mortgagor will receive the advances secured by this Mortgage and will hold the right to receive the advances as a trust fund. The advances will be applied first for the purpose of paying the cost of improvement. Mortgagor will apply the advances first to the payment of the cost of improvement before using any part of the total of the advances for any other purpose. |
| **Inspections** | 15. Mortgagee and any person authorized by the Mortgagee may enter and inspect the property at reasonable times. |
| **Financing statements** | 16. Mortgagor authorizes Mortgagee to file without Mortgagor's signature one or more financing statements as permitted by law to perfect the security interest of this Mortgage. |
| **Default, when full amount of debt due immediately** | 17. Mortgagee may declare the full amount of the Debt to be due and payable immediately for any default.<br>The following are defaults:<br>(a) Mortgagor fails to make any payment required by the Bond or Note or Mortgage within 15 days of the date it is due;<br>(b) Mortgagor fails to keep any other promise or agreement in this Mortgage within the time stated, or if no time is stated, within a reasonable time after notice is given that Mortgagor is in Default;<br>(c) On application of Mortgagee, two or more insurance companies licensed to do business in New York State refuse to issue policies insuring the buildings and improvements on the Property. |
| **Sale** | 18. If Mortgagor defaults under this Mortgage and the Property is to be sold at a foreclosure sale, the Property may be sold in one parcel. |
| **Receiver** | 19. If Mortgagee sues to foreclose the Mortgage, Mortgagee shall have the right to have a receiver appointed to take control of the Property. |
| **Payment of rent and eviction after default** | 20. If there is a Default under this Mortgage, Mortgagor must pay monthly in advance to Mortgagee, or to a receiver who may be appointed to take control of the Property, the fair rental for the use and occupancy of the part of the Property that is in the possession of the Mortgagor. If Mortgagor does not pay the rent when due, Mortgagor will vacate and surrender the Property to Mortgagee or to the receiver. Mortgagee may evict the Mortgagor by summary proceedings or other court proceedings. |
| **Applicable law** | 21. Mortgagee shall have all the rights set forth in Section 254 of the New York Real Property Law in addition to Mortgagee's rights set forth in this Mortgage, even if the rights are different from each other. |
| **No waiver** | 22. Delay or failure of Mortgagee to take any action will not prevent Mortgagee from taking action later. Mortgagee may enforce those rights Mortgagee chooses without giving up any other rights. |
| **Notices** | 23. Notices, demands or requests may be in writing and may be delivered in person or sent by mail. |
| **No oral changes** | 24. This Mortgage may not be changed or ended orally. |
| **Who is bound** | 25. If there are more than one Mortgagor each shall be separately liable. The words "Mortgagor" and "Mortgagee" shall include their heirs, executors, administrators, successors and assigns. If there are more than one Mortgagor or Mortgagee the words "Mortgagor" and "Mortgagee" used in this Mortgage includes them. |
| **Signatures** | The Mortgagor states that the Mortgagor has read this Mortgage, received a completely filled in copy of it and has signed this Mortgage as of the date at the top of the first page. |

MORTGAGOR

_Derdra L Alabaskisa_

WITNESS

_Tracy H Goodson_

EXHIBIT D

**USDA**

**United States Department of Agriculture**

Rural Development
Business Center

September 23, 2019

Chief Financial Officer

Linda L. Alakwskina
17 Hamilton Avenue
Corinth, NY 12822

Office of the National
Financial and
Accounting Operations
Center

███████████████

4300 Goodfellow
Boulevard

Property Address: 17 Hamilton Avenue, Corinth, NY12822

St. Louis, MO 63120

Dear Linda L. Alakwskina

Voice 314.457.4152

Fax 314.457.4292

### "YOU MAY BE AT RISK OF FORECLOSURE.   PLEASE READ THE FOLLOWING NOTICE CAREFULLY"

As of September 20, 2019, your home loan is 214 days and $148,817.77 dollars in default.   Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.

  Attached to this notice is a list of government approved housing counseling agencies in your area which provide free counseling.   You can also call the NYS Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free consumer hotline to be connected to free housing counseling services in your area at 1-855-HOME-456 (1-855-466-3456), or visit their website at http://www.aghomehelp.com/. A statewide listing by county is also available at http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified free help is available; watch out for companies or people who charge a fee for these services.

Housing counselors from New York-based agencies listed on the website above are trained to help homeowners who are having problems making their mortgage payments and can help you find the best option for your

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form (PDF), found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

situation.   If you wish, you may also contact us directly at 315-477-6416   and ask to discuss possible options.

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution.   The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at (show number) or visit the Department's website at (show web address).

IMPORTANT:  You have the right to remain in your home until you receive a court order telling you to leave the property.   If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave.   You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings.   This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

## HUD-Approved housing counseling agencies located in New York

| COUNTY | AGENCY | ADDRESS | CONTACT INFO | NOTES |
|---|---|---|---|---|
| Albany | Affordable Housing Partnership | 255 Orange St. Albany, NY 12210 | 518-434-1730 | HOPP. Also serves surrounding areas |
| | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186 | 518-765-2425 | HOPP. Also serves surrounding areas |
| | United Tenants of Albany | 33 Clinton Ave. Albany, NY 12207 | 518-436-8997 | HOPP For tenants whose buildings are in the process of foreclosure or have been foreclosed on |
| | Better Neighborhoods, Inc. | 986 Albany St. Schenectady, NY 12307 | 518-372-6469 | HOPP |
| | Clearpoint Credit Counseling Solutions | 2 Computer Drive West Albany, NY 12205 | 1-800-750-2227 | Formerly known as Consumer Credit Counseling Service |
| | NYS Office For People With Developmental Disabilities (OPWDD) | 44 Holland Ave. Albany, NY 12229 | 518-473-1973 | Serving all NYS residents with developmental disabilities and their families |
| Allegany | ACCORD | 84 Schuyler St. Belmont, NY 14813 | 585-268-7605 | HOPP |
| | Belmont Housing Resources | 1195 Main Street Buffalo, NY 14209 | 716-884-7791 | HOPP |
| | Neighborhood Housing | 937 South Park Ave. | 716-823-3630 | Also serving |



| | | | | |
|---|---|---|---|---|
| | Neighborhood Housing Services of South Buffalo | 1937 South Park Ave. Buffalo, NY 14220 | 716-823-3630 | |
| **Cayuga** | Home Headquarters, Inc. | 990 James St., Suite 1 Syracuse NY 13203 | 315-474-1939 | HOPP. Spanish speaking staff available |
| | Clearpoint Financial Solutions | 5794 Widewaters Parkway Syracuse, NY 13214 | 1-877-412-2227 | Formerly known as Consumer Credit Counseling Service of Central NY |
| | Alternatives FCU | 125 Fulton St. Ithaca, NY 14850 | 607-216-3445 | Online service available only to members of AFCU |
| **Chautauqua** | Belmont Housing Resources for Western NY | 1195 Main St. Buffalo, NY 14209 | 716-884-7791 | HOPP |
| | Chautauqua Home Rehabilitation and Improvement Corp. (CHRIC) | 2 Academy St. Mayville, NY 14757 | 716-753-4650 | Spanish speaking staff available |
| | Neighborhood Housing Services of South Buffalo | 1937 South Park Ave. Buffalo, NY 14220 | 716-823-3630 | |
| **Chemung** | Arbor Housing and Development | 26 Bridge St. Corning, NY 14830 | 607-654-7487 | HOPP |
| | Catholic Charities of Chemung | 215 East Church St., Suite 101 Elmira, NY 14901 | 607-734-9784 | HOPP |
| | Alternatives FCU | 125 Fulton St. Ithaca, NY 14850 | 607-216-3445 | Online service available only to members of AFCU |
| **Chenango** | Metro Interfaith Housing Council | 21 New St., Binghamton, NY 13903 | 607-772-2766 | HOPP |
| | Clearpoint Credit | The Metro Center, 49 | 1-800-750- | |

| | | Poughkeepsie, NY. 12601 | | |
|---|---|---|---|---|
| **Erie** | Belmont Housing Resources | 1195 Main St. Buffalo, NY. 14209 | 716-884-7791 | HOPP |
| | West Side & Black Rock Riverside NHS, Inc. | 359 Connecticut St., Buffalo, NY 14213 | Tuesdays and Wednesdays at (716) 885-2344 <br><br> Thursdays and Fridays at (716) 877-3910 | HOPP |
| | Buffalo Urban League | 15 Genesee Street Buffalo, NY. 14203 | (716) 250-2400 | HOPP |
| | Consumer Credit Counseling Services of Buffalo, Inc. | 40 Gardenville Parkway, Suite 300, West Seneca, NY 14224 | 1-800-926-9685 or 716-712-2060 | |
| | Neighborhood Assistance Corp. of America | 1094 Hertel Avenue Buffalo, NY 14216 | 716-834-6222 | |
| | Neighborhood Housing Services of South Buffalo | 1937 South Park Ave., Buffalo, NY. 14220 | 716-823-3630 | |
| **Essex** | Friends of the North Country | 1 Mill St. Keeseville, NY. 12944 | 518-834-9606 | HOPP |
| | Housing Assistance Program of Essex County (HAPEC) | 103 Hand Ave. Elizabethtown, NY 12932 | 518-873-6888 | HOPP |
| | Homefront Development Corp. | 568 Lower Allen St. Hudson Falls, NY 12839 | 518-747-8250 | |
| **Franklin** | Friends of the North Country | 1 Mill St. Keeseville, NY. 12944 | 518-834-9606 | HOPP |
| | Housing Assistance Program of Essex County (HAPEC) | 103 Hand Ave. Elizabethtown, NY 12932 | 518-873-6888 | HOPP |
| | Clearpoint Credit | 215 Washington St. | 1-800-750- | |

| | | | | |
|---|---|---|---|---|
| | Clearpoint Credit Counseling Solutions | 289. Genesee St., Utica, NY. 13501 | 1-800-750-2227. | |
| | Homefront Development Corp.. | 568. Lower. Allen. St., Hudson Falls, NY. 12839. | 518-747-8250 | |
| **Herkimer** | UNHS NeighborWorks Homeownership Center | 1611 Genesee Street Utica, NY 13501 | 315-724-4197 | HOPP |
| | Clearpoint Credit Counseling Solutions | 289 Genesee St. Utica, NY 13501 | 1-800-750-2227. | |
| **Jefferson** | Home Headquarters, Inc.. | 990 James St., Suite 1 Syracuse. NY 13203. | 315-474-1939 | HOPP. Spanish speaking staff available |
| | Clearpoint Credit Counseling Solutions. | 215. Washington St. Suite 005. Watertown, NY. 13601. | 1-800-750-2227. | |
| **Kings** | Cypress Hills Local Dev. Corp. | 3214 Fulton St. Brooklyn, NY 11208 | 718-647-8100 | HOPP. Spanish speaking staff available. |
| | Pratt Area Community Council. | 1224. Bedford Ave., Brooklyn, NY. 11216 | 718-783-3549 ext.315. | HOPP |
| | Grow Brooklyn, Inc.. | 1474 Myrtle Ave. Brooklyn, NY 11237 | 718-418-8232. ext. 206. | HOPP. Spanish and Bengali speaking staff available |
| | Bridge Street Dev. Corp. | 460 Nostrand Ave. Brooklyn, NY 11216. | 718-636-7596 ext. 11 | HOPP. Spanish Speaking staff available. |
| | MHANY Management, Inc.. | 2-4 Nevins St.,. Brooklyn, NY. 11217 | 718-246-8080 ext.203. | HOPP Spanish speaking staff available |
| | Neighbors Helping Neighbors (NHN). | 621 Degraw. St.,. Brooklyn, NY. 11217 | 718-237-2017 ext.159. | HOPP. Spanish speaking staff available |
| | Brooklyn Housing and. | 415. Albemarle. Rd. | 718-435-7585 | HOPP. |

| | | | | available |
|---|---|---|---|---|
| | GreenPath Debt Solutions | 175 Remsen St., Suite 1102 Brooklyn, NY 11201 | 866-285-4033 | |
| | NY Commission of Human Rights-Brooklyn | 275 Livingston St. Brooklyn, NY 11217 | 718-722-3130 | Spanish speaking staff available |
| Lewis | Home Headquarters, Inc. | 990 James St., Suite 1, Syracuse NY 13203 | 315-474-1939 | HOPP |
| | Clearpoint Credit Counseling Solutions | 215 Washington St. Suite 005 Watertown, NY 13601 | 1-800-750-2227 | |
| Livingston | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| | The Housing Council | 75 College Ave., 4th Floor Rochester, NY 14607 | 585-546-3700 | HOPP |
| Madison | Home Headquarters, Inc. | 990 James St., Suite 1, Syracuse NY 13203 | 315-474-1939 | HOPP Spanish speaking staff available |
| | UNHS NeighborWorks Homeownership Center | 1611 Genesee Street Utica, NY 13501 | 315-724-4197 | HOPP |
| | Community Action Program for Madison County | 3 East Main St. Morrisville, NY 13408 | 315-684-3144 | ASL trained staff available |
| | Clearpoint Credit Counseling Solutions | 289 Genesee St. Utica, NY 13501 | 1-800-750-2227 | |
| Monroe | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| | Marketview Heights Association | 308 North Street Rochester, NY 14605 | 585-423-1540 | HOPP |
| | The Housing Council | 75 College Ave., 4th Floor Rochester, NY 14607 | 585-546-3700 | HOPP |

| | | Heights, NY 11372 | | in NYC. Southeast Asian speaking Counselors on staff |
|---|---|---|---|---|
| | County of Nassau Economic Development, Office of Housing | 40 Main St., Suite B, Hempstead, NY 11550 | 516-571-4663 | Spanish speaking staff available |
| | GreenPath Debt Solutions | 300 Garden City Plaza, Suite 220, Garden City, NY 11530 | 888-776-6738 | |
| New York | MHANY Management, Inc. | 2-4 Nevins St., Brooklyn, NY 11217 | 718-246-8080 ext 203 | HOPP. Spanish speaking staff available |
| | Grow Brooklyn, Inc. | 1474 Myrtle Ave., Brooklyn, NY 11237 | 718-418-8232 ext. 206 | HOPP. Spanish and Bengali speaking staff available |
| | Parodneck Foundation | 121 6th Ave., Suite 501 New York, NY 10013 | 212-431-9700 ext 391 | HOPP Spanish speaking staff available |
| | AAFE Community Development Fund, Inc. | 111 Division St., New York, NY 10002 | 212-964-2288 | Chinese and Korean speaking staff available |
| | Abyssinian Development Corp. | 2283 7th Avenue New York, NY 10030 | 646-442-6545 | |
| | Neighborhood Housing Services of NYC | 307 West 36th St., 12th floor New York, NY 10018 | 212-519-2500 | Spanish and Creole speaking staff available |
| | Harlem Congregations for Community Development | 2854 Frederick Douglass Blvd., New York, NY 10039 | 212-281-4887 ext. 206 or 231 | Spanish speaking staff available |
| | West Harlem Group Assistance, Inc. | 1652 Amsterdam Ave. New York, NY 10031 | 212-862-1399 | |

| | | Rochester, NY 14607 | | |
|---|---|---|---|---|
| | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| | Community Action in Self Help | 48 Water St., Lyons, NY 14489 | 315-946-6992 | HOPP Serving townships of Manchester and Phelps |
| | Keuka Housing Council | 160 Main St. Penn Yan, NY 14527 | 315-536-8707 | Seen on case by case basis with focus on senior citizens |
| **Orange** | Hudson River Housing | 291 Mill St Poughkeepsie, NY 12601 | 845-454-9288 | HOPP |
| | Orange County Rural Development Advisory Corp. | 59b Boniface Drive Pine Bush, NY 12566 | 845-713-4568 | HOPP |
| **Orleans** | Belmont Housing Resources | 1195 Main St. Buffalo, NY 14209 | 716-884-7791 | HOPP |
| | The Housing Council | 75 College Ave. 4th Floor Rochester, NY 14607 | 585-546-3700 | HOPP |
| | Consumer Credit Counseling Service of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| **Oswego** | Home Headquarters, Inc. | 990 James St., Suite 1 Syracuse NY 13203 | 315-474-1939 | HOPP Spanish speaking staff available |
| | Fulton Community Development Agency | 125 West Broadway Fulton, NY 13069 | 315-593-7166 | |
| | Oswego Housing Development Council, Inc. | 2971 County Rte. 26 Parish, NY 13131 | 315-625-4520 | |
| | Clearpoint Credit Counseling Solutions | 5794 Widewaters Parkway Syracuse, NY 13214 | 1-800-750-2227 | |

| | | | | |
|---|---|---|---|---|
| | Brooklyn Housing and Family Services, Inc. | 415 Albemarle Rd. Brooklyn, NY 11218. | 718-435-7585 | HOPP. Spanish and French Creole speaking staff available. |
| | NY. Commission of Human Rights- Queens | 153-01 Jamaica Ave. Jamaica, NY 11432 | 718-657-2465 | Spanish speaking staff available |
| | GreenPath Debt Solutions | 80-02 Kew Gardens Road, Suite 710 Kew Gardens, NY. 11415-3607. | 866-285-4036 | |
| | Margert Community Corporation | 325 Beach 37th Street Far Rockaway, NY. 11691 | 718-471-3724 | |
| | Queens Community House | 108-25 62nd Drive Forest Hills, NY 11375 | 718-592-5757 | |
| **Rensselaer** | Troy Rehabilitation and Improvement Program (TRIP). | 415 River St. Troy, NY. 12180 | 518-690-0020 | HOPP |
| | United Tenants of Albany | 33. Clinton Ave. Albany, NY 12207. | 518-436-8997 | HOPP. For tenants whose buildings are in process of being foreclosed or whose building has been foreclosed |
| | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186. | 518-765-2425 | HOPP |
| | Affordable Housing Partnership. | 255 Orange St. Albany, NY. 12210 | 518-434-1730 | HOPP. |
| | Clearpoint Credit Counseling Solutions | 2 Computer Drive West Albany, NY 12205. | 1-800-750-2227 | Formerly known as Consumer Credit Counseling |



| | | | | |
|---|---|---|---|---|
| | (TRIP) | | | residents of Southern Saratoga County |
| | Better Neighborhoods, Inc. | 986 Albany St. Schenectady, NY 12307 | 518-372-6469 | HOPP |
| | Clearpoint Credit Counseling Solutions | 2 Computer Drive West Albany, NY 12205 | 1-800-750-2227 | Formerly known as Consumer Credit Counseling Service of Central NY |
| | Homefront Development Corp. | 568 Lower Allen St. Hudson Falls, NY 12839 | 518-747-8250 | Serving residents of Northern Saratoga County |
| Schenectady | Better Neighborhoods, Inc. | 986 Albany St. Schenectady, NY 12307 | 518-372-6469 | HOPP |
| | Affordable Housing Partnership | 255 Orange St. Albany, NY 12210 | 518-434-1730 | HOPP |
| | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186 | 518-765-2425 | HOPP |
| | Schenectady Community Action Program (SCAP) | 913 Albany St. Schenectady, NY 12307 | 518-374-9181 | For tenants whose buildings are in process of being foreclosed or whose building has been foreclosed |
| | Clearpoint Credit Counseling Solutions | 2 Computer Drive West Albany, NY 12205 | 1-800-750-2227 | Formerly known as Consumer Credit Counseling Service of Central NY |



| | Resources, Inc. | East Northport, NY 11731 | 0766 | Spanish speaking staff available |
|---|---|---|---|---|
| | Community Development Corporation of Long Island | 2100 Middle Country Rd., Suite 300 Centereach NY 11720 | 631-471-1215 ext. 158 | HOPP. Spanish speaking staff available |
| | Economic Opportunity Council of Suffolk, Inc. | 320 Carleton Avenue Suite 7800 Central Islip NY 11722 | 631-647-3765 x 1204 or 1205 | HOPP |
| | La Fuerza Unida, Inc. | 1 School St., Suite 302 Glen Cove, NY 11542 | 516-759-0788 | HOPP. Spanish speaking staff available |
| | Long Island Housing Partnership, Inc. | 180 Oser Ave. Hauppauge, NY 11788 | 631-435-4710 | HOPP. Spanish speaking staff available |
| | Long Island Housing Services, Inc. | 640 Johnson Ave., Suite 8 Bohemia, NY 11716 | 631-567-5111 x383 | HOPP Spanish speaking staff available |
| | CHHAYA | 37-43 77th St. Jackson Heights, NY 11372 | 718-478-3848 | HOPP funded for NYC. Southeast Asian speaking Counselors on staff |
| | Central Islip Civic Council | 68 Wheeler Rd. Central Islip, NY 11722 | 631-348-0669 | HOPP Spanish speaking staff available |
| | Housing Help, Inc. | 91-101 Broadway, Suite 6 Greenlawn NY 11740 | 631-754-0373 | |
| | North Fork Housing Alliance | 110 South St. Greenport, NY 11944 | 631-477-1070 | |
| | Bellport, Hagerman, East Patchogue Alliance, Inc. | 1492 Montauk Highway Bellport, NY 11713 | 631-286-9236 | |

| | | | | |
|---|---|---|---|---|
| | Program of Essex County (HAPEC) | Elizabethtown, NY 12932 | | |
| | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186 | 518-765-2425 | HOPP |
| | Clearpoint Financial Solutions | 2 Computer Drive West Albany, NY 12205 | 1-877-412-2227 | Formerly known as Consumer Credit Counseling Service of Central NY |
| | Homefront Development Corp. | 568 Lower Allen St. Hudson Falls, NY 12839 | 518-747-8250 | |
| **Washington** | Housing Assistance Program of Essex County (HAPEC) | 103 Hand Ave. Elizabethtown, NY 12932 | 518-873-6888 | HOPP |
| | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186 | 518-765-2425 | HOPP |
| | Homefront Development Corp. | 568 Lower Allen St. Hudson Falls, NY 12839 | 518-747-8250 | |
| **Wayne** | Community Action in Self Help | 48 Water St. Lyons, NY 14489 | 315-946-6992 | HOPP |
| | Consumer Credit Counseling Service of Rochester, Inc. | 50 Chestnut Plaza Rochester, NY 14604 | 1-888-724-2227 | HOPP |
| **Westchester** | Community Housing Innovations, Inc. | 75 South Broadway, Ste 340 White Plains, NY 10601 | 914-683-1010 | HOPP |
| | Housing Action Council | 55 South Broadway Tarrytown, NY 10591 | 914-332-4144 | HOPP |
| | Human Development Services of Westchester, Inc. | 28 Adee St. Port Chester, NY 10573 | 914-939-2005 | HOPP. Spanish speaking counselors available. |
| | Westchester Residential Opportunities | 470 Mamaroneck Ave., Suite 410 | 914-428-4507 OR 877- | HOPP. Spanish and |

## FAIR DEBT COLLECTION PRACTICES ACT NOTIFICATION

This Notice is required by the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. §1692 et seq., as amended.

Unless the consumer, within thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid.

If the debtor notifies the debt collector within 30 days of the receipt of this notice that the debt or any portion thereof is disputed, the debt collector will obtain a verification of the debt and a copy of the verification will be mailed to the debtor.

If you have received a discharge from the United States Bankruptcy Court, and you have not reaffirmed your liability for this debt, you are not personally liable for the underlying indebtedness owed and this notice/disclosure is for compliance and informational purposes only.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

a) Supplemental security income, (SSI)

b) Social Security;

c) Public Assistance (welfare);

d) Spousal support, maintenance (alimony) or child support;

e) Unemployment benefits;

f) Disability benefits:

g) Workers' compensation benefits;

h) Public or private pensions;

i) Veterans' benefits;

j) Federal student loans, federal student grants, and federal work study funds; and

k) Ninety percent of your wages or salary earned in the last sixty days

Written request by this Act should be addressed to:

Unites States Department of Agriculture
Rural Development Business Center
4300 Goodfellow Blvd., St. Louis, MO 63120

**EXHIBIT E**



**New York State Department of Financial Services**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of the Department Financial Services within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Department of Financial Services as required in Section 1306 of RPAPL.  The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

| | |
|---|---|
| Name | : USDA Rural Development |
| Address | : 441 South Salina St., Suite 357 |
| | Syracuse NY  13202 |

**Filing Information:**

| | |
|---|---|
| Tracking Number | : NYS5072107 |
| Mailing Date Step 1 | : 23-SEP-19 12.00.00.000 AM |
| Mailing Date Step 2 | : |
| Judgment Date Step 3 | : |
| Filing Date Step 1 | : 23-SEP-19 11.14.49.000 AM |
| Filing Date Step 1 Orig | : 23-SEP-19 11.14.49.000 AM |
| Filing Date Step 2 | : |
| Filing Date Step 3 | : |
| Owner Occupd at Jdgmnt | : |
| Property Type | : 1 to 4 Family Home |
| Property Address | : 17 Hamilton Avenue  Corinth |
| | NY 12822 |
| County | : Saratoga |
| Date of Original Loan | : 19-SEP-08 12.00.00.000 AM |
| Amt of Original Loan | : 125200 |
| Loan Number Step 1 | : ▮▮▮▮▮ |
| Loan Number Step 2 | : |
| Loan Reset Frequency | : |
| Loan Type | : 1st Lien |
| Loan Details | : Fixed Rate |
| Loan Term | : 30 Year |
| Loan Modification | : No Modification |
| Days Delinquent | : Other |
| Borrower's Name | : Alakwskina  Linda |
| Address | : 17 Hamilton Avenue |
| | Corinth  12822 |
| Borrower's Phone No | : ▮▮▮▮▮ |
| Filing Status | : Step 1 Incomplete-Missing Mortgagee Info |

Sincerely,

New York State Department of Financial Services

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Linda Alakwskina et al |

| **(b)**  County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   saratoga |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Nicole LaBletta<br>Pincus Law Group, PLLC<br>425 RXR Plaza Uniondale, NY 11556 516-669-8902 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
          Plaintiff

☐ 2   U.S. Government
          Defendant

☐ 3   Federal Question
           *(U.S. Government Not a Party)*

☐ 4   Diversity
           *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
          Proceeding

☐ 2   Removed from
          State Court

☐ 3   Remanded from
          Appellate Court

☐ 4   Reinstated or
          Reopened

☐ 5   Transferred from
          Another District
          *(specify)*

☐ 6   Multidistrict
          Litigation -
          Transfer

☐ 8   Multidistrict
          Litigation -
          Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 U. S. C, Section 1345

Brief description of cause:
Action to foreclose a mortgage

| VII.  REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ 151,454.79 | CHECK YES only if demanded in complaint: JURY DEMAND:    ☐ Yes   ☒ No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/26/2019 | /s/Nicole B. LaBletta |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT Waived | APPLYING IFP | JUDGE TJM | MAG. JUDGE DJS |
|---|---|---|---|---|

Print          Save As...          1:19-cv-1609          Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.